IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

GABRIEL M. COKER                                                                PLAINTIFF

v.                                        No. 4:11-cv-867-DPM

BRAD CARTWRIGHT                                                               DEFENDANT

ORDER

On potential punitive damages: Having reflected further and re-read the applicable cases, the Court is convinced that it made a mistake on this issue. Cartwright is of course correct in general about the mandate rule — thus the Court's ruling about the narrow scope of the incident left for trial. *Houghton v. McDonnell Douglas Corp.*, 627 F.2d 858, 864–65 (8th Cir. 1980); *see also Sprague v. Ticonic National Bank*, 307 U.S. 161, 167–69 (1939); *Quern v. Jordan*, 440 U.S. 332, 347 n. 18 (1979). And the Court of Appeals held that no abuse of discretion occurred in this Court's earlier denial of Coker's motion to assert new substantive claims, and seek punitive damages, by amending his complaint. *Coker v. Arkansas State Police*, 734 F.3d 838, 843 n. 1 (8th Cir. 2013). This Court is bound by that ruling.

But Coker is correct that *Bowles v. Osmose Utilities Services, Inc.*, 443 F.3d 671, 674–75 (8th Cir. 2006) holds that a party need not plead punitive damages


to seek them at trial. The issue, instead, is notice. The Court concludes that Cartwright had enough notice here. Exemplary damages are available for constitutionally excessive force if malice was present. *Schaub v. VonWald*, 638 F.3d 905, 922-23 (8th Cir. 2011). Coker gave written notice in his pretrial disclosures on 10 January 2015, № 85, that he intended to seek these damages. Cartwright's proposed jury instructions, which were received in chambers on the same day, also included a punitives instruction. That notice was a month before our 9 February 2015 trial date. The possibility of punitive damages adds a new dimension to the case, undoubtedly a significant one. But the potential prejudice, in term of trial preparation, is small. The proof on the constitutional claim largely overlaps with proof on potential punitives; the one additional area will be Cartwright's subjective intent. This will be shown, or not, through witnesses who'll be testifying no matter what.

    The Court is convinced that it would be error in the circumstances, based on *Bowles*, to bar Coker from trying to make a submissible case for an award of exemplary damages. He may do so. His oral motion to amend his complaint, made at the end of the 22 January 2015 pretrial, is denied. The Court of Appeals' mandate precludes amendment, and one is unnecessary.

Whether punitive damages may go to the jury, if Coker provides proof that would support a verdict, was not specifically addressed by the Court of Appeals. The question, then, is whether the spirit of the mandate settles the issue; was it impliedly addressed? *Houghton*, 627 F.2d at 865. Or is it an unresolved matter, left for this Court to consider on remand? The Court concludes that the availability of potential punitive damages under a *Bowles* maneuver was not decided impliedly by the Court of Appeals. Beyond that Court's opinion, this Court has considered the exchange at oral argument, as well as the parties' appellate briefs. *United States v. Sithithongtham*, 192 F.3d 1119, 1123 (8th Cir. 1999). The relevant arguments on appeal were about amending pleadings. Amendment is what the Court of Appeals rejected, not seeking additional damages (after adequate notice) that may be supported by the proof at trial.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

27 January 2015