# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**GABRIEL M. COKER**                                    **PLAINTIFF**

**v.**                          **No. 4:11-cv-867-DPM**

**BRAD CARTWRIGHT**                                    **DEFENDANT**

## ORDER

First, some scheduling issues.  The parties must exchange copies of all proposed exhibits and final witness lists by 5:00 p.m. on Thursday, 5 February 2015.  Please deliver copies to chambers by then too.  The Court will convene at 9:00 Monday morning, 9 February 2015, to handle any remaining evidentiary issues, including exhibits.  The venire will arrive at 12:30 p.m.  We'll pick our jury and open Monday afternoon.  The proof will begin Tuesday morning at 8:30 and we'll send the jury home each afternoon around 3:30 to 3:45.

Second, the Court has reviewed the internal-investigation documents and makes these rulings.  The Court has considered all the videos.  A list of the various interviews is attached for reference.

**1. The following items are excluded:**

- Ward letter to Coker, dated 28 August 2009; and

- Wolfe letter to Cartwright, dated 29 August 2009.

**2. The following items are admissible under FED. R. EVID. 803(8), at either party's choice:**

- CSRB report, dated 10 December 2009, with a specific cautionary instruction that the interview information from Ward, Eremea, and Johnson is not received for its truth;

- K'Nuckles memo to Braunns, dated 22 February 2010; and

- Braunns memo to file, dated 23 February 2010.

Before any of these materials is presented, the Court will give a general limiting instruction that the investigation did not answer the constitutional question presented for the jury's decision.

**3. Party statements:**

- Coker can play the videos of Ward's interviews of Cartwright on 30 September 2009 (with a redaction) and 5 October 2009. The questions are innocuous; and the Court will instruct the jury that the questions are not received for

their truth, but for the context of Cartwright's answers. The redaction is this: Coker must start the video where the transcript begins; the introductory matter is mostly Ward, and it will confuse the jury by detouring unnecessarily into the internal-investigation particulars. Use only the camera 1 view; the camera 2 view is duplicative and focuses on Ward, not Cartwright. Coker can use Cartwright's statements during the September 30th and October 5th interviews for any purpose allowed by the Rules. FED. R. EVID. 801(d)(2).

• Coker may not play the entire video of Beall's 30 October 2009 interview of Cartwright. The interview is focused on the accuracy of use-of-force reporting. Beall expresses many conclusions and opinions about what happened, rather than just asking questions. He covers other excessive-force incidents, and opines that Cartwright has an unusually high number of force reports as a trooper. The polygraph is discussed several times. Beall discusses other

litigation, the state police writing a big check, and how this incident could lead to a lawsuit. Beall passes judgment on Coker's character as well as Cartwright's. Beall criticizes Cartwright repeatedly and harshly. Coker can use Cartwright's statements, FED. R. EVID. 801(d)(2), in this video for any purpose allowed by the Rules; but the relevance, confusion, and unfair-prejudice problems in Beall's questions/statements prevent playing this video as a whole.

- Coker may not play the entire 10 November 2009 videos taken before and after Cartwright's polygraph.

First, the camera 1 video, which is about 27 minutes. The polygraph is mentioned several times. Some of Ward's questions edge into conclusions and opinions. More importantly, her transcript of the body microphone provides the framework for this interview. She vouches for her transcript, explaining how she listened to the audio repeatedly and carefully. The Court, however, has

excluded Ward's transcript in favor of the audio itself.  The jury needs to decide what the audio records.  The video would introduce the excluded material.

On a related point, Cartwright did not adopt Ward's transcript such that her words can be used as his.  He's answering questions, going back and forth on whether he agreed with what she heard.  He's wishy washy.

Second, the camera 2 video, which is approximately 85 minutes.  The first part of this video duplicates camera 1. Then there's a lot of footage of an empty room.  The test itself is not shown.  Then Ward reappears.  She discusses the polygraph results in detail with someone on the telephone, criticizing Cartwright's truthfulness.   She discusses the results in detail with him.  They argue about the test, potential criminal charges, the validity and admissibility of test results, and policy violations.  They go back and forth about the internal-investigation.  Finally, there's more than 25 minutes of Cartwright sitting by

himself, stewing.  All this is afield from the constitutional issue here.  And the Court has excluded all polygraph-related materials and testimony as unreliable and unfairly prejudicial.

- The Coker interviews on 25 September 2014 and 9 October 2014 are far ranging.  And the questioning could pose some problems.  The Court has not received nor reviewed these videos, only transcripts.  The same general ruling applies on Cartwright's use of all Coker's statements during these interviews, FED. R. EVID. 801(d)(2).  Cartwright must get prior permission, though, before playing any question in these interviews for context.

- Cartwright may use Coker's 14 August 2009 letter, and page one of the complaint form, for impeachment and the like. FED. R. EVID. 801(d)(2).  The Court is not inclined to admit these documents in Coker's case because it could open up a trial of the internal investigation and confuse the jury.  That said, if Coker wants to use either document on

-6-

redirect to rebut some inference that a recollection or memory is new, the Court will consider specifics.

**4. The following items are inadmissible as either irrelevant, cumulative, unreliable, unfairly prejudicial, or tainted by internal inadmissible material:**

- Ward's 7 October 2009 transcript of the body microphone recording;

- Ward's investigative notes, various dates;

- Ward's investigative summary, dated 17 November 2009; and

- all polygraph-related materials, videos, statements, transcripts, documents, and testimony.

Long story short, we're not going to try the internal investigation itself because it's not relevant and would confuse the jury on the questions it must answer. That said, there are some investigation-related things that are admissible for various limited purposes. At each party's choice, they'll come in, with limiting instructions, as appropriate. The Court expects all counsel to be particularly cautious when using any investigation-related document,

video, excerpt, or thing and when questioning in this area.

So Ordered.

_DP Marshall Jr._
D.P. Marshall Jr.
United States District Judge

2 February 2015

## Internal Affairs Interviews of Cartwright and Coker

| Cartwright Interviews | Date | Format |
|---|---|---|
| First Cartwright interview conducted by Ward | 30 Sept. 2009 | Transcript and Video |
| Second Cartwright interview conducted by Ward | 5 Oct. 2009 | Transcript and video |
| Third Cartwright interview conducted by Beall | 30 Oct. 2009 | Video only |
| Fourth Cartwright interview (pre-polygraph) conducted by Ward | 10 Nov. 2009 | Video only |
| Fifth Cartwright interview (post-polygraph) conducted by Ward | 10 Nov. 2009 | Video only |
| Polygraph of Cartwright | 10 Nov. 2009 | No video exists |

| Coker Interviews | Date | Format |
|---|---|---|
| First Coker interview conducted by Ward | 25 Sept. 2009 | Transcript only |
| Second Coker interview conducted by Ward | 9 Oct. 2009 | Transcript only |
| Third Coker interview (with polygraph) conducted by Ward | 27 Oct. 2009 | No video or transcript in the record |